NOT DESIGNATED FOR PUBLICATION

No. 129,209

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDY CURTIS HELTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marion District Court; KEITH L. COLLETT, judge. Opinion filed February 20, 2026. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Andy Curtis Helton appeals his sentence from the Marion County District Court. We granted Helton's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), without an objection or other response by the State. After careful review, we dismiss his appeal for lack of jurisdiction.

In March 2023, the State charged Helton with one count each of possession of methamphetamine with intent to distribute, criminal possession of a weapon, and possession of drug paraphernalia. In September 2024, Helton agreed to plead no contest to the possession with intent to distribute charge, a severity level 4, drug felony.

1

Because Helton had a criminal history score of G, his sentence fell in a border box on the drug sentencing grid. At sentencing in December 2024, the district court granted Helton's request to be placed on probation. The court sentenced Helton to 18 months of probation with community corrections and imposed an underlying sentence of 22 months in prison with 24 months of postrelease supervision.

Helton now appeals, arguing that although the district court imposed a sentence within the presumptive range, it erred by failing to order a lower prison term. We may only consider Helton's claim if we first determine that this court maintains jurisdiction over his appeal. See *State v. Huerta*, 291 Kan. 831, 840-41, 247 P.3d 1043 (2011).

Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). To the extent this question requires us to interpret the sentencing statutes, our review is similarly unlimited. *State v. Young*, 313 Kan. 724, 728, 490 P.3d 1183 (2021).

The revised Kansas Sentencing Guidelines Act details a defendant's right to appeal their sentence. K.S.A. 21-6801 et seq. Under K.S.A. 2022 Supp. 21-6820(c)(1), an appellate court cannot review: "(1) Any sentence that is within the presumptive sentence for the crime." A "presumptive sentence" is defined as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2022 Supp. 21-6803(q).

Here, the district court imposed an underlying prison sentence of 22 months, which was the standard presumptive term given Helton's crime and criminal history score under K.S.A. 2022 Supp. 21-6805. We therefore do not have jurisdiction to consider Helton's claim that the district court should have imposed a lesser prison term. See *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021) (Appellate courts lack jurisdiction to

2

consider challenges to denial of motions for departure sentence because courts lack jurisdiction to consider appeals from presumptive sentences.). Consequently, we must dismiss Helton's appeal.

Appeal dismissed.